Day, J.
The contention of plaintiff in error is that he was unlawfully employed by defendant in error, in that, according to the petition, he worked 55% hours each week, and that on this account he was not an employe, within the meaning of the Workmen’s Compensation Act, and its provisions are not applicable to his case.
The defendant in error contends that the plaintiff, although a minor, was sui juris, and that, having elected to take compensation for his injuries under the Workmen’s Compensation Act, he thereby waived his right to proceed in court against his employer.
The questions presented by the ruling of the Court of Appeals are:
First. Does the decision in Acklin Stamping Co. v. Kuts, 98 Ohio St., 61, 120 N. E., 229, 14 A. L. R., 812, apply to a minor over the age of 16 but under the age of 18 years, who is regularly employed for 55% hours weekly in a factory of the kind named in Section 12998, General Code, and who is injured therein by his employer’s negligence?
Second. If such employe, while still a minor, accepts payments from the state, compensation fund on account of such injury, is he thereby precluded from maintaining his action at law for negligence?
*5 The ease of Acklin Stamping Co. v. Kutz, supra, was decided April 2, 1918. The date of plaintiff’s injury was September 3, 1919, and on August 14, 1919, Section 1465-93, General Code, as amended 108 Ohio Laws, pt. 1, 324, became effective. It provides as follows: “A minor shall be deemed sui juris for the purposes of this act. * * *”
The language that was in the act at the date of the decision of the Kutz case, “minors who are legally permitted to work for hire under the laws of the state,” was not in the act in force at the date of the accident to plaintiff in error.
The definition of the word “employe,” as found in Section 1465-61 on September 3, 1919, must be construed in the light of the rights of such minor as fixed by Section 1465-93 on that date.
There is nothing in the petition to disclose that the employment of the plaintiff, as one 16 and under 18 years of age, was not entirely legal, in so far as the contract of employment itself was concerned, the nature of his duties, and so on. In regard to his hours of employment it may have occurred that at the end of the week, in sum total, there was an hour and a half more time than he was legally permitted to work, but, in so far as the character of the work in which he was engaged is concerned, it is entirely to be distinguished from that of the minor in the Kutz case, who not only worked during forbidden hours, to-wit, at night, but, though a child under 16 years of age, was employed to assist in operating a stamping machine in violation of Section 13001, General Code. So we are constrained to the conclusion that the Kutz case is not controlling upon the vital point in this case, which is: Was the *6 plaintiff in error, a minor between 16 and 18 years of age, whose contract of employment was not of itself illegal, sui juris on September 3, 19191 We find the plaintiff in error came within the terms of the Workmen’s Compensation Act, and it must follow that he was sui juris at the date of his accident, to-wit, September 3, 1919.
The record discloses that after the date of the unfortunate accident the plaintiff applied to and received from the Industrial Commission relief from its compensation fund, and later secured what is denominated “permanent relief,” and accepted and kept both of these sums.
Thereafter he instituted the instant case. Now it is apparent upon an examination of the petition that among other acts of negligence he averred the violation of lawful requirements by his employer. Having elected to pursue his remedies under the Workmen’s Compensation Act, and having accepted the benefits thereof, he is estopped from now maintaining an action in court against his employer.
“Having made his application for compensation from the insurance fund, plaintiff waived his right to exercise his option to institute a proceeding in court, and his proceeding in the court of common pleas should have been dismissed.” Zilch, a Minor, v. Bomgardner, 91 Ohio St., 205, 210, 110 N. E., 459.
“The options given to an employe or his legal representative by Section 1465-76, General Code, are confined to employes injured in the course of employment, and comprehend only those cases where the injury has arisen from the willful act of the employer or from his failure to observe a lawful requirement. In such cases the employe or his rep *7 resentative may exercise Ms option either to institute proceedings under the act for damages or to make application for an award. But the selection of one of these remedies is a waiver of the right to pursue the other.” Conrad, Admx., v. Youghiogheny & Ohio Coal Co., 107 Ohio St., 387, 140 N. E., 482.
In the light of the foregoing announcement, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.